■ In the Matter of NICHOLAS W. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Kings County, dated January 29, 1974, which adjudicated appellant a juvenile delinquent, after a hearing, and directed that he be placed on probation for a period of two years. Order reversed, on the law, without costs, and proceeding remanded to the Family Court for further proceedings not inconsistent herewith. The petition alleges that on September 17, 1973, the then 15-year-old appellant was operating an automobile without the owner's permission, that he was driving at a speed in excess of 50 miles an hour and that he passed a traffic signal illegally. A fact-finding determination was made, on his admission, that he had committed an act which, if done by an adult, would constitute unauthorized use of a motor vehicle. At the dispositional hearing, the Judge stated that appellant had "had three petitions so far, either operating or being in stolen cars, August 11, 1973, September 12, 1973 and September 17, 1973". The first petition was adjusted at intake, the second was dismissed and the third is the petition at bar. The Judge specifically included in his consideration the petition adjusted at intake. He referred to the danger to the public caused by young boys driving cars they do not own, characterized apparent statements by appellant as "stories" and concluded that appellant "knows these cars are stolen". The Judge placed appellant on probation for two years, with the warning that "on these stolen car cases and on unauthorized use after the first time" he intended to place appellant in the training school. The Judge based his determination on facts not supported by the record. Further, the disposition was preconceived. Each disposition must be individual, with the court taking into consideration the particular child and his background and the factors which led to the proscribed

behavior. There can be no dispositional slots. We therefore reverse and remand this proceeding to the Family Court for a new dispositional hearing before another Judge, in accordance with this opinion. It would be appropriate to have psychiatric and psychological reports, including an educational evaluation, prior to disposition. Hopkins, Acting P. J., Shapiro, Cohalan, Christ and Benjamin, JJ., concur.